40 F.3d 982
 68 Fair Empl.Prac.Cas. (BNA) 1419
 Ali MOYO, Plaintiff-Appellant,
v.
James GOMEZ, Director of California Department of
Corrections; Eddie Ylst, Warden, at California Medical
Facility, et al.; California Department of Corrections, et
al.; Does 1 through 10, inclusive, Defendants-Appellees.
 No. 92-16996.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 17, 1994.
Decided August 8, 1994.
Amended Nov. 14, 1994.
Certiorari Denied Jan. 9, 1995.
See 115 S.Ct. 732.
 
 Carlos M. Alcala, Sacramento, CA, for plaintiff-appellant.
 Kenneth R. O'Brien, Victor J. James, II, Barbara L. Christiansen, Littler, Mendelson, Fastiff, Tichy & Mathiason, Sacramento, CA, for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before: REINHARDT and LEAVY, Circuit Judges, and McLAUGHLIN, District Judge.*
 REINHARDT, Circuit Judge:
 
 
 1
 Ali Moyo, a black corrections officer with the California Department of Corrections, appeals the district court's dismissal of his action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Moyo's amended complaint alleges that he was fired by the California Department of Corrections for protesting against and refusing to cooperate with defendants' practice of allowing showers after work shifts to white inmates but not to black inmates working the same job shift, in violation of Sec. 704(a) of Title VII.[1] The district court dismissed Moyo's action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Moyo timely appealed. In his appeal, he also contests the district court's refusal to allow him to amend his complaint to state a cause of action under Sec. 703(a) of Title VII,[2] for discrimination against him with regard to terms and conditions of employment. We reverse and remand to the district court.
 
 I.
 
 2
 Moyo's complaint may not be dismissed unless it appears certain that he can prove no set of facts in support of his claim which would entitle him to relief. Baker v. McNeil Island Corrections Center, 859 F.2d 124, 127 (9th Cir.1988). Moyo's allegations of material fact must be taken as true and construed in the light most favorable to his claim. Id.
 
 
 3
 In order to make out a prima facie case of discrimination based on opposition to an unlawful employment practice under Sec. 704(a), Moyo must show that (1) he engaged in a statutorily protected activity (i.e., that he protested or otherwise opposed unlawful employment discrimination directed against employees protected by Title VII); (2) subsequently, he was disciplined or lost his job; and (3) a causal link exists between the protected activity and the adverse action. See EEOC v. Crown Zellerbach Corp., 720 F.2d 1008, 1012 (9th Cir.1983). It is not necessary, however, that the employment practice actually be unlawful; opposition clause protection will be accorded "whenever the opposition is based on a 'reasonable belief ' that the employer has engaged in an unlawful employment practice." Id. at 1013 (emphasis added) (citations and footnote omitted). See also Learned v. City of Bellevue, 860 F.2d 928, 932 (9th Cir.1988); Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1411 (9th Cir.1987). Opposition can, of course, consist of a refusal to carry out an order or policy. An erroneous belief that an employer engaged in an unlawful employment practice is reasonable, and thus actionable under Sec. 704(a), if premised on a mistake made in good faith. A good-faith mistake may be one of fact or of law. See Jurado, 813 F.2d at 1411 (English-only order not a Title VII violation as a matter of law, but opposition based on a reasonable belief that the order was discriminatory is protected).
 
 
 4
 The defendants point out that an administrative adjudication by the Equal Employment Opportunity Commission ("EEOC") holds that inmates working directly for a prison pursuant to state law requiring prisoners to work at hard labor are not "employees" within Sec. 701(f) of Title VII. See EEOC Decision No. 86-7 (April 18, 1986) (inmate performing prison maintenance solely inside the prison not an employee protected under Title VII). See also Hale v. Arizona, 993 F.2d 1387, 1393-95 (9th Cir.1993) (en banc) (inmates performing obligatory prison labor not employees under Fair Labor Standards Act). Nevertheless, the district court's dismissal of Moyo's complaint must be reversed for at least two separate reasons that do not rest on the question of the employment status of the inmates.
 
 
 5
 First, if Moyo can show that he was discharged for refusing to carry out or otherwise protesting the defendants' alleged policy of denying showers to black inmates after work shifts, he has stated a retaliation claim based on an unlawful employment practice--i.e., the alleged practice of requiring Moyo, as a condition of his employment, to discriminate against black inmates. Under the terms of Sec. 704(a), requiring an employee to discriminate is itself an unlawful employment practice. If Moyo can demonstrate at trial that he was discharged for refusing to implement a policy that discriminates against blacks, he has stated a claim under that section and the question whether the inmates are "employees" under the Act becomes wholly irrelevant.
 
 
 6
 Second, regardless of whether the inmates in this case actually qualified as employees, Moyo would be able to state a retaliation claim if he could show that his belief that an unlawful employment practice occurred was "reasonable". If Moyo reasonably believed that the inmates were protected by Title VII, then his opposition to their treatment would be a statutorily protected activity. The reasonableness of Moyo's belief that an unlawful employment practice occurred must be assessed according to an objective standard--one that makes due allowance, moreover, for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims. We note again that a reasonable mistake may be one of fact or law. We also note that it has been long established that Title VII, as remedial legislation, is construed broadly. See Davis v. Valley Distributing Co., 522 F.2d 827 (9th Cir.), cert. denied, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977). This directive applies to the reasonableness of a plaintiff's belief that a violation occurred, as well as to other matters.
 
 
 7
 Moreover, even if determining the actual "employee" status of the inmates were relevant to deciding this case, we might be unable to say, based on the bare facts in the complaint, that the inmates here were not "employees" under Title VII. Ninth Circuit precedent acknowledges that prison inmates can be "employees" in certain circumstances. See Baker v. McNeil Island Corrections Center, 859 F.2d 124 (9th Cir.1988). In Baker, we reversed a district court's dismissal of a prison inmate's Title VII claim that he was discriminatorily denied employment in a prison library because the state librarian refused to work with a black man. We noted that the position as a library aide, while not work release, paid a salary and included some training. Given these features, and other factors analyzed in the opinion, we held that it was "not beyond doubt that a claim could not be proved under Title VII." Id. at 128. The complaint on its face reveals no facts regarding the terms and conditions of the inmates' labor, and thus does not provide us with any basis for determining the Title VII employment status of the particular prisoners involved.
 
 
 8
 In sum, we cannot say with certainty that the alleged employment discrimination did not violate Sec. 704(a) of Title VII. Moyo would be able to state a retaliation claim if he could show that he was discharged for refusing to discriminate against black inmates. Such a claim would be based on the unlawful employment practice inherent in requiring Moyo to discriminate against blacks as a term or condition of employment. Under this theory of liability, the question whether the inmates are "employees" under Title VII would be wholly irrelevant. In addition, we cannot say with certainty from the face of the complaint that, even if the inmates were not employees, Moyo could not have reasonably believed that a violation of Title VII occurred. Moyo could also make out a retaliation claim if he could show that he was discharged for acting on this reasonable belief. Accordingly, the district court's dismissal of Moyo's retaliation claim was improper. We reverse and remand for further proceedings consistent with our opinion.II.
 
 
 9
 We also reverse the district court's denial of Moyo's motion for leave to amend his complaint. Before dismissing the action, the district court questioned counsel for both sides as to whether Moyo claimed that his firing was due to discrimination against him personally, or merely as a result of retaliation for his protest against the alleged discriminatory treatment of black inmates. Moyo's counsel answered that Moyo's only claim was for retaliation. He soon thought better of this statement, and in a letter dated that same day stated that "[a]fter further reflection I believe ... [that] Mr. Moya [sic] was discriminated [sic] based on the terms and conditions of his employment when the Department of Correction's force [sic] a Black Correctional Officer, Mr Moya [sic] to discriminate against Black inmates." "I further feel the complaint can be amended to include this cause of action," counsel added.
 
 
 10
 It appears that the district court was misled by plaintiff's counsel at oral argument; however, counsel sought to remedy his mistake shortly thereafter. Moyo is not seeking to pursue a facially groundless claim of discrimination with respect to terms and conditions of employment. He alleges that he was fired because he refused to carry out a policy of discrimination against black inmates by denying them showers. These allegations set forth a claim that the defendants subjected Moyo to an offensive work environment, one polluted by racial discrimination. Moyo would then have stated a claim of racially-based harassment under Sec. 703(a). See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986) ("[T]he phrase 'terms, conditions or privileges of employment' in [Sec. 703(a) ] is an expansive concept which sweeps within its protective ambit the practice of creating a working environment heavily charged with ethnic or racial discrimination...."), quoting Rogers v. EEOC, 454 F.2d 234, 238 (5th Cir.1971). Accordingly, in light of the facts alleged, the letter of Moyo's counsel sets forth a plausible theory for a Sec. 703(a) claim, one that could conceivably be proved at trial. Under the circumstances we do not think our liberal amendment rules permit the forfeiture of the possible claim that Moyo may possess, without affording him an opportunity to amend his complaint so as to attempt to state that claim. Accordingly, we remand with instructions to the district court to allow Moyo to amend his complaint to attempt to state a claim under Sec. 703(a)(1) of Title VII.
 
 The district court's judgment is
 
 11
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable Linda McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 Section 704(a) provides:
 It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship of other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.
 
 
 [2]
 Section 703(a) provides, in pertinent part:
 It shall be an unlawful employment practice for an employer--
 (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin....