Margaret **KURTZ**, Plaintiff–Appellant,

v.

**CAESARS ENTERTAINMENT, INC.;**
**Park Place Entertainment Corp.,**
**Defendants–Appellees.**

**No. 06–15844.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Feb. 14, 2008.

Patrick H. Hicks, Roger L. Grandgenett, II, Esq., Wendy Krincek, Esq., Littler Mendelson, PC, Las Vegas, NV, for Defendants–Appellees.

Appeal from the United States District Court for the District of Nevada, Kent J. Dawson, District Judge, Presiding. D.C. No. CV–04–00398–KJD.

Before: WALLACE, SCHROEDER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Margaret Kurtz appeals the district court's summary judgment in favor of her former employer, defendant-appellee Caesars Entertainment, Inc., in Kurtz's Title VII action claiming retaliation in the form of subjection to a hostile work environment and eventual termination from her position. She alleged that the retaliation was for engaging in protected activity. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000). The alleged protected conduct was a refusal to accompany her supervisor alone on an overnight business trip to Laughlin, Nevada. Kurtz took her husband with her on the trip. The district court held that she had not engaged in any protected activity. We affirm.

On appeal, her principal contention is that, while she may not have actually engaged in protected activity, her supervisor, and her supervisor's superior who terminated her, mistakenly perceived her to have engaged in protected activity. She contends that her negative work evaluations and eventual termination stem from her supervisor's perception that she was trying to avoid his sexual harassment. There is no indication, however, that her supervisor or anyone else in the company had ever sexually harassed Kurtz, and she never expressed any concern about unwanted sexual advances. In fact, immediately after the overnight trip request, Kurtz spoke with Debbie Munch, the Executive Director of Corporate Communications, and assured her that she did not feel sexually harassed, and only wanted to bring her husband "to avoid the appearance of impropriety." There was therefore no factual basis on which her supervisor could have perceived that she was engaged in protected activity, i.e., trying to avoid unwanted sexual advances.

Because there was no basis for her to believe that her supervisor might engage in improper advances, it does not matter that he may have taken offense at her refusal to accompany him. Kurtz also argues that the district court ignored key evidence that supports her claim: that her supervisor had previously gone on an overnight trip with another female employee and that he had recently broken up with his girlfriend. Even taking this information into account, Kurtz's belief that she was engaging in protected activity is objectively unreasonable. *See Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir.1994). There was no retaliation on the basis of protected activity or any perception of protected activity.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.