MEMORANDUM *
Title VIPs “opposition” clause makes it “ ‘unlawful ... for an employer to discriminate against any ... employee[ ] ... because he has opposed any practice made ... unlawful ... by this subchap-ter.’ ” Crawford v. Metro. Gov’t of Nashville & Davidson County, - U.S. -, -, 129 S.Ct. 846, 850, 172 L.Ed.2d 650 (2009) (quoting 42 U.S.C. § 2000e-3(a)) (modification in original). Bentzien has not established a prima facie case of retaliation. Bentzien’s claim based on Elizabeth Char’s mocking of the physically challenged fails because it was unreasonable for Bentzien to believe that Char’s individual act of discrimination constituted an unlawful employment practice. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam); Silver v. KCA, Inc., 586 F.2d 138, 142 (9th Cir.1978). Indeed, the record indicates that Bentzien perceived Char’s actions as nothing more than an attempt to get attention.
Bentzien’s claim related to Patricia Dukes’s ambiguous, isolated statement in a staff meeting also fails. An employee may seek opposition clause protection where her employer retaliates against her for opposing the employer’s policy that requires her to discriminate against third-party non-employees “as a condition of [her] employment.” Moyo v. Gomez, 40 F.3d 982, 985 (9th Cir.1994). Here, however, Bentzien has not produced evidence suggesting that Dukes’s stray comment reflected a Department policy, that Bentzien was required to discriminate as a condition of her employment, or that the Department ever withheld services.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9lh Cir. R. 36-3.