**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACKI JURA, | No. 13-15179 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00338-SOM-RLP |
| v. | |
| COUNTY OF MAUI, a municipal corporation of the State of Hawaii; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted June 12, 2014
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Plaintiff Jacki Jura appeals from the district court's grant of summary

judgment in defendants' favor in Jura's employment action. Jura brought claims

under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with

Disabilities Act (the "ADA"), and Hawai'i state law, claiming that (1) she was

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

subjected to a hostile work environment as a result of defendant Marie Kosegarten's conduct; (2) she was terminated in retaliation for her participation in an investigation triggered by a coworker's complaint about Kosegarten's conduct; and (3) defendants failed to provide her with a reasonable accommodation for her hearing disability. We review de novo, *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003), and affirm.

To prevail on a claim of hostile work environment, a plaintiff must establish a "pattern of ongoing and persistent harassment severe enough to alter the conditions of employment." *Draper v. Coeur Rochester, Inc.*, 147 F.3d 1104, 1108 (9th Cir. 1998). In addition, the plaintiff must prove that any harassment took place "because of . . . sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998). While Kosegarten's conduct towards Jura was highly inappropriate, it was not so severe as to create a work environment that a reasonable person would consider hostile or abusive or alter the conditions of Jura's employment. *See Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 421 (9th Cir. 2013); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998).

In order to make out a retaliation claim under Title VII, a plaintiff must show:

(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two. Thereafter, the burden of production shifts to the employer to present legitimate reasons for the adverse employment action. Once the employer carries this burden, plaintiff must demonstrate a genuine issue of material fact as to whether the reason advanced by the employer was a pretext.

*Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000) (citations omitted).

The district court concluded that Jura had failed to make out a prima facie case of retaliation based on its determination that the conduct Jura reported fell outside the ambit of Title VII. However, Title VII protects employees from actions taken by an employer as the result of an employee's opposition to what the employee reasonably, but mistakenly, believes to be an unlawful employment practice. *Moyo v. Gomez.* 40 F.3d 982, 984 (9th Cir. 1994). The reasonableness of a plaintiff's belief is construed broadly. *Id.* at 985.

However, although the district court did not reach defendants' argument that Jura was terminated for legitimate reasons, we can affirm on any grounds supported by the record. *Schmidt v. Contra Costa Cnty.* 693 F.3d 122, 1132 (9th Cir. 2012). Even if Jura established a prima facie case of retaliation, she failed to establish a genuine issue of fact as to whether the reason advanced for her termination was a pretext. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054,

1062 (9th Cir. 2002) (holding that where a plaintiff relies on "circumstantial evidence to show pretext, such evidence must be both specific and substantial").

The ADA "prohibits an employer from discriminating against an 'individual with a disability' who . . . can perform the essential functions of the job." *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 393 (2002) (quoting 42 U.S.C. § 12112). "'[D]iscrimination' includes an employer's 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified . . . employee.'" *Id.* at 396 (quoting § 12112(b)(5)(A)) (emphasis omitted). "An employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (internal quotation marks omitted).

Although Jura contended that the amplifying headphones available in the courtroom were not a reasonable accommodation for her hearing disability, she failed to provide sufficient evidence supporting this contention. Considering only the arguments properly raised in the district court, *see USA Petroleum Co. v. Atl. Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994), Jura failed to establish a genuine issue as to whether the headphones served as a reasonable accommodation.

Jura's discrimination and retaliation claims under Hawai'i Revised Statutes § 378-2 are largely analogous to her claims under Title VII and the ADA. *See French v. Haw. Pizza Hut, Inc.*, 99 P.3d 1046, 1051 (Haw. 2004); *Gonsalves v. Nissan Motor Corp. in Haw., Ltd.*, 58 P.3d 1196, 1209 (Haw. 2002); *Nelson v. Univ. of Haw.*, 38 P.3d 95, 110 (Haw. 2001). Summary judgment was properly granted on Jura's state-law claims for the same reasons it was properly granted on her federal claims.

**AFFIRMED.**