

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LATONYA L. KEYS, | No. 14-17004 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02549-ROS |
| v. | |
| ULTA SALON, COSMETICS & FRAGRANCE, INCORPORATED, an Arizona limited liability company, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted October 20, 2016
San Francisco, California

Before:  BEA and IKUTA, Circuit Judges, and RESTANI,[**] Judge.

Latonya L. Keys ("Keys") appeals the district court's grant of summary

judgment in favor of ULTA Salon, Cosmetics & Fragrance, Inc. ("ULTA").  We

have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the grant of summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

judgment de novo, construing the facts and drawing all reasonable inferences in favor of the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

1. The district court properly entered summary judgment on the disparate treatment claim. Keys failed to establish a prima facie disparate treatment claim because she did not provide evidence that employees similarly situated to her "in all material respects" were treated more favorably. Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006).

2. The district court properly entered summary judgment on the retaliation claims. Keys failed to establish a prima facie retaliation claim because she did not provide evidence that she engaged in protected activity, as none of her complaints were a protest of discrimination "protected by Title VII." Moyo v. Gomez, 40 F.3d 982, 984–85 (9th Cir. 1994); see Nidds v. Schindler Elevator Corp., 113 F.3d 912, 919 (9th Cir. 1996).

3. The district court properly entered summary judgment on the hostile work environment claim. Keys failed to establish a prima facie hostile work environment claim because she did not provide evidence of conduct "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment." Vasquez v. Cty. of Los Angeles, 349 F.3d 634, 642

2

(9th Cir. 2003) (as amended).

**AFFIRMED.**