**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERALD MORGAN,

        Plaintiff-Appellant,

v.

PETE BUTTIGIEG, Secretary, U.S.
Department of Transportation,

        Defendant-Appellee.

No.   21-15979

D.C. No. 2:16-cv-04036-DLR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted April 14, 2022
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and REISS,[**] District Judge.

Gerald Morgan, a former electronics technician for the Federal Aviation

Administration, appeals from the district court's judgment following a jury verdict

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

in favor of the Government in this Title VII retaliation action. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's evidentiary rulings and rulings on motions in limine for abuse of discretion. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017); *Roberts v. Coll. of the Desert*, 870 F.2d 1411, 1418 (9th Cir. 1988). We affirm.

Morgan sued the Government alleging unlawful Title VII retaliation. His theory leading up to trial was that the Government reassigned him to a less desirable position after he told his supervisor that he was considering filing an Equal Employment Opportunity ("EEO") complaint based on what he perceived to be a racially discriminatory comment made to him by a coworker, "is that how you want to play it?" Before trial, the Government filed a motion in limine ("MIL") seeking to preclude Morgan from arguing that his statement to his supervisor was protected activity for purposes of establishing a *prima facie* retaliation claim. Morgan responded that the statement was protected "opposition" to unlawful Title VII discrimination. The district court granted the MIL, concluding that Morgan's belief that his coworker's comment was racially discriminatory was objectively unreasonable. Morgan was therefore precluded from arguing at trial that any protected activity occurred before September 24, 2012, the date the parties agree he

made EEO contact. Following a three-day trial, the jury entered a verdict in favor of the Government.

1.      Morgan contends that he should have been able to argue to the jury that he engaged in a protected activity before September 24, 2012, by opposing his coworker's discriminatory comment. A plaintiff can establish that an employer violated Title VII's anti-retaliation provisions through either the (1) the "opposition" clause, if the adverse employment action occurs because of the employee's opposition to an unlawful employment practice, or (2) the "participation" clause, if it is in retaliation for the employee's participation in Title VII's enforcement mechanisms. *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). Where, as here, a plaintiff claims he engaged in protected opposition, the plaintiff must demonstrate "a *reasonable belief* that the employer has engaged in an unlawful employment practice." *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (quoting *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994)).

The district court did not abuse its discretion in granting the Government's MIL. It is true that Title VII protects an employee's opposition to perceived unlawful employment practices, and that the practices need not actually be

unlawful.[1] *Freitag*, 468 F.3d at 542. But the employee must have a "*reasonable belief* that the employer has engaged in an unlawful employment practice." *Id.* at 541 (quoting *Moyo,* 40 F.3d at 984). The district court here was well within its discretion to conclude that Morgan could not reasonably and in good faith have believed that his coworker's isolated comment was discriminatory, let alone an unlawful employment practice under Title VII.

2.      Morgan next argues that the district court improperly admitted a set of vehicle mileage reports under the business record exception, Fed. R. Evid. 803(6), to the hearsay rule. There is no merit in this argument. The vehicle mileage reports were prepared by Morgan's supervisor near the time of the transaction in the ordinary course of business, and the circumstances do not indicate a lack of trustworthiness. *See United States v. Scholl*, 166 F.3d 964, 978 (9th Cir. 1999). The

---

[1] From the outset, the parties and the district court have analyzed Morgan's statement to his supervisor under the opposition clause. For the first time in his reply brief, Morgan suggested that his stated intent to invoke the EEO process qualifies as a protected activity under both the opposition *and* the participation clause. We decline to address whether Morgan's statement to his supervisor qualifies as protected "participation" because that argument was not made to the district court or in the opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[A]n appellate court will not consider issues not properly raised before the district court. Furthermore, on appeal, arguments not raised by a party in its opening brief are deemed waived."). In any event, we are not persuaded that an employee's vague statement that he is "considering filing an EEO complaint," absent other facts, is enough in itself to establish protected participation.

district court has "wide discretion" in deciding whether evidence satisfies Rule 803(6)'s "trustworthiness standard," and it did not exceed that discretion here. *Id.*; *see La Porte v. United States*, 300 F.2d 878, 880 (9th Cir. 1962).

Morgan's primary argument that the reports contain inaccuracies,"go[es] to the weight and not the admissibility of the evidence." *Scholl*, 166 F.3d at 978 (quoting *United States v. Keplinger*, 776 F.2d 678, 694 (7th Cir. 1985)). He also raises a second argument not raised at trial—that an added column in the reports was created in anticipation of litigation. Morgan did not preserve this argument below, and the Court will not "review an issue not raised or objected to below except to prevent a manifest injustice." *United States v. Archdale*, 229 F.3d 861 (9th Cir. 2000). Morgan's argument is without support in the record, and we see no such injustice here.

3.     Morgan's final argument is that the district court improperly allowed the Government to introduce a set of calendars even though the versions introduced at trial did not match the ones provided to Morgan in pretrial discovery. The district court did not abuse its discretion here either. The only alterations to the calendars presented at trial removed references to a car accident and worker's compensation claim, evidence of which had been properly excluded pursuant to a pretrial MIL. Besides, the record suggests that even if Morgan was not provided a copy of the

redacted calendars before trial, he was made aware of the changes to the exhibit well in advance. The district court did not abuse its discretion.

4.    Finally, although Morgan has not expressly argued that the verdict is unsupported by substantial evidence, he asks the panel to reverse the judgment and remand for a new trial. We must uphold the jury's verdict if it is supported by substantial evidence—that is, evidence adequate to support the jury's conclusion. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008); *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002). The jury's verdict here was based solely on its conclusion that Morgan failed to prove he was subjected to an adverse employment action. Absent any argument from Morgan that the jury's conclusion is unsupported by substantial evidence, we see no basis for overturning the verdict.

**AFFIRMED.**