*Marcus v. Le*viton Manufacturing

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARC MARCUS,

        *Plaintiff-Appellant,*

        v.                      16-0270-cv

LEVITON MANUFACTURING COMPANY, INC.,
"JOHN DOE," #1-5,
XYZ CORPORATION, #1-5,

        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: JOSEPH H. NEIMAN, Hackensack, NJ.

FOR DEFENDANT-APPELLEE DAVID S. GREENHAUS, Marc S. Wenger,
LEVITON MANUFACTURING Jackson Lewis P.C., Melville, NY.
COMPANY, INC.:

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marc Marcus appeals from the district court's judgment entered January 14, 2016, dismissing this action against defendant-appellee Leviton Manufacturing Company, Inc. ("Leviton").  By order entered January 6, 2016, the district court granted Leviton's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Marcus's amended complaint alleged (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York State Human Rights Law (the "NYSHRL"), NY CLS Exec § 296; (2) retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the NYSHRL; (3) hostile work environment in violation of Title VII and the NYSHRL; and (4) breach of contract. We review *de novo* a district court's grant of a motion to dismiss.  *Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).  We assume the parties' familiarity with the facts, procedural history, and issues for review.

I.  *Scope of the Appeal*

In his brief on appeal, Marcus identifies four issues for review:  age discrimination under the ADEA, age discrimination under the NYSHRL, retaliation

under the NYSHRL, and hostile work environment under the NYSHRL.  Marcus Br. 2.

Marcus does not include in the issues presented the dismissal of his Title VII retaliation

and hostile work environment claims and breach of contract claims, nor does he

address those claims.  Accordingly, he has waived his right to appeal the dismissal of

those claims.  *See United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir. 1994) (arguments not

raised on appeal are deemed waived).

While Marcus has appealed the district court's dismissal of his NYSHRL

retaliation claims, his position is meritless.  Marcus's sole argument on this point is that

the district court should have evaluated his NYSHRL claims under the relaxed "notice

pleading" standards applied by New York state courts, rather than the more demanding

plausibility standard established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  This is plainly incorrect.  It

is well established that a federal court sitting in diversity applies federal rules of

procedure to a plaintiff's claims under both state and federal law.  *Hanna v. Plumer*, 380

U.S. 460, 465 (1965) ("[F]ederal courts [sitting in diversity] are to apply state substantive

law and federal procedural law.").  Federal courts routinely apply the *Twombly-Iqbal*

standard to claims raised under the NYSHRL, and the district court was correct to do so

here.  *See, e.g.*, *Cooper v. New York State Dep't of Labor*, 819 F.3d 678, 680 (2d Cir. 2016)

(applying federal pleading standards to retaliation claims under the NYSHRL).

The only rulings that Marcus substantively discusses in his brief are those relating to his claims for age discrimination pursuant to the ADEA and NYSHRL. Marcus Br. at 7-9, 17-18. Accordingly, these are the only claims preserved for appeal.

## II. *Age Discrimination Under the ADEA*

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, and that her age was the "but-for" cause of the adverse action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015).[1] A plaintiff must plead facts that give "plausible support to a minimal inference" of the requisite discriminatory causality. *Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). A plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the "conceivable" to the "plausible." *See Vega*, 801 F.3d at 84 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).[2] That Marcus's termination is an adverse employment

---

[1] For some forms of discrimination, such as those covered by Title VII, the plaintiff's membership in a protected class need only be *a* motivating factor in the adverse employment action taken; for age discrimination claims, however, the age of the plaintiff must be the "but-for" cause. *See Vega*, 801 F.3d at 86 (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

[2] The district court applied the *McDonnell Douglas* burden-shifting framework to the motion to dismiss. *Marcus v. Leviton Mfg. Co.*, No. 15-CV-656(SJF)(GRB), 2016 WL 74415, at *2 (E.D.N.Y. Jan. 6, 2016). This was error, for *McDonnell Douglas* is an evidentiary standard, not a pleading standard, and is therefore not the relevant standard at the 12(b)(6) stage. *See Littlejohn*, 795 F.3d at 308. Because we conclude, on our *de novo* review of the amended complaint, that it fails to state a plausible cause of action, we do not remand for the district court to correct its error.

- 4 -

action is undisputed; hence the only question before the Court is whether Marcus pled sufficient facts to plausibly support a minimal inference of "but-for" causality between his age and his termination. We conclude that he did not.

Marcus relies primarily on three factual assertions to support an inference that age discrimination was the "but-for" cause of his termination. First, Marcus alleges that the defendant was attempting to get "younger" by terminating older employees and replacing them with younger hires. Amend. Compl. ¶ 28. The amended complaint, however, is nearly bereft of any specific facts to support this conclusion. He provides only a single name and he offers no dates, ages, or reasons with respect to the termination of other employees. Such skeletal pleading provides no more than "naked assertions devoid of further factual enhancement" and does not allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Second, Marcus alleges that Leviton's proffered reason for his termination -- his yelling and profanity -- was pretext. Amend. Compl. ¶ 18. He alleges that two other employees used profanity in the past and were not disciplined; one was "substantially younger than plaintiff" and the other "was not . . . considerably younger than plaintiff." *Id.* ¶ 20. Without any information as to whether these employees were otherwise similarly situated or the specifics of their conduct, the mere allegation that

- 5 -

two other employees -- one younger and one similar in age -- used profanity without being fired does not give rise to even a minimal inference of age discrimination.

Third, the amended complaint alleges that the defendant sought to replace Marcus with someone less experienced, and that, on "information and belief," Marcus was replaced by a younger employee. Amend. Compl. ¶¶ 29-30. The amended complaint alleges no facts that would support an inference that this decision was made because of age. Marcus does not even provide the age of the new employee. Without more, the mere fact that an older employee was replaced by a younger one does not plausibly indicate discriminatory motive.

Taken individually and as a whole, the conclusory and speculative facts alleged in the amended complaint do not plead a claim of discrimination under the ADEA.

### III. *Age Discrimination Under the NYSHRL*

As the legal standards governing age discrimination claims under the NYSHRL have long been considered to be identical to those under the ADEA, this Court has assumed that "but-for" causation is required to support a claim under the NYSHRL. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 105 n.6 (2d Cir. 2010) (citing *Sutera v. Schering Corp.*, 73 F.3d 13, 16 n.2 (2d Cir. 1995)). Accordingly, Marcus's age discrimination claim under the NYSHRL fails for the same reasons as his age discrimination claim under the ADEA. Even assuming the lower "motivating factor"

- 6 -

standard applicable to a Title VII claim applies to NYSHRL age discrimination claims, Marcus's claim would still fail. For the reasons discussed above, the amended complaint fails to plead sufficient facts to support a minimal inference that age was a motivating factor, much less the but-for cause, for his termination.

\*　　　\*　　　\*

We have considered Marcus's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk