17-1308-cv
Eng v. City of New York, New York City Police Department

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> > Circuit Judges,
> PAUL A. CROTTY,*
> > District Judge.

_____

**Mary Eng,**

_____

\* Judge Paul A. Crotty, United States District Court for the Southern District of New York, sitting by designation.

1

**Plaintiff-Appellant,**

**v.**                                                                    **17-1308**

**City of New York, New York City Police Department,**

**Defendant-Appellees.**
_____

FOR APPELLANT:                          Brian M. Hussey, Law Office of Brian
                                        M. Hussey, Wantagh, NY. Jonathan
                                        A. Rappaport, Richard J. Katz LLP,
                                        New York, NY, on the brief.

FOR APPELLEES:                          Diana Lawless (Richard Dearing and
                                        Jane L. Gordon, on the brief), of
                                        Counsel, for Zachary W. Carter,
                                        Corporation Counsel of the City of
                                        New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

     Plaintiff-appellant Mary Eng appeals the dismissal of her Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") claims, as well as the district court's denial of leave to amend her complaint for a second time.   Eng argues on appeal that the district court erred because: (1) she adequately pled violations of the EPA, NYSHRL, and NYCHRL; (2) if her amended complaint was deficient, she should have been granted leave to amend a second time; and (3) the

district court should have declined to exercise supplemental jurisdiction over her state law claims when it dismissed the federal claims.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**      "We review the grant of a motion to dismiss <u>de novo</u>, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." <u>Fink v. Time Warner Cable</u>, 714 F.3d 739, 740–41 (2d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   <u>Id.</u>   This standard "asks for more than a sheer possibility that a defendant has acted unlawfully."   <u>Id.</u>   "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."   <u>Id.</u> (internal citation and quotation marks omitted).

EPA.   "To prove a violation of the EPA, a plaintiff must first establish a <u>prima facie</u> case of discrimination by showing: i) the employer pays different wages to employees of the opposite sex; ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and iii) the jobs are performed under similar working conditions."   <u>Belfi v. Prendergast</u>, 191 F.3d 129, 135 (2d Cir. 1999) (internal citation and quotation marks omitted); <u>see also</u> <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 195 (1974).   "[A] plaintiff need not demonstrate that her job is identical to a higher paid position, but only must show that the two positions are substantially equal in skill, effort, and responsibility." <u>Lavin-McEleney v. Marist Coll.</u>, 239 F.3d 476, 480 (2d Cir. 2001) (internal citation and quotation marks omitted).   "To satisfy this standard, a plaintiff must establish that the jobs compared entail common duties or content, and do not simply overlap in titles or classifications."   <u>EEOC v. Port Auth. of N.Y. & N.J.</u>, 768 F.3d 247, 255 (2d Cir. 2014).[1]   "Under the EPA, proof of the employer's

_____

[1] The Plaintiff argues that the district court's reliance on <u>Port Authority</u> was misplaced because that case involved more comparators, and those plaintiffs

discriminatory intent is not necessary for the plaintiff to prevail on her claim . . . Thus, a prima facie showing gives rise to a presumption of discrimination." Belfi, 191 F.3d at 136.

The amended complaint fails to plausibly allege that Eng and her comparators "perform[ed] equal work on jobs requiring equal skill, effort, and responsibility; and the jobs are performed under similar working conditions." Port Auth. of N.Y. & N.J., 768 F.3d at 254-55 (internal citation and quotation marks omitted). Eng's only allegations are that she is the *second* longest tenured criminalist amongst her and her comparators, that she is the Safety Officer, and she is the only criminalist available 24/7, although she contradicts this allegation by stating that the comparators are "rarely" called after work-hours, which means that they too would be available if called outside regular office hours. Joint App'x at 63. Plaintiff at no point provides factual allegations about her or the comparators' job duties, skills, efforts, or responsibilities to demonstrate that their respective jobs were substantially equal. Thus, she fails to state a prima facie violation of the EPA.

The exhibits attached to Eng's amended complaint do not help. A generic "NYPD Careers" advertisement for appointment as a criminalist is an inadequate basis for comparing equal job duties. Similarly, the list in Exhibit 2 for various "scientific section manager[s]" is unhelpful because it is not apparent who performs what job, or even whether these are jobs for criminalists.[2] Id. at 72-74. Indeed, the incorporation of these exhibits in the amended complaint creates additional ambiguity about whether the plaintiff and her coworkers actually held similar responsibilities by alleging that her own job duties could be found in Exhibit 2 (which describes four different positions), but that the duties of the coworkers were described in "Exhibit 1 and/or Exhibit 2." Id. at 63.

failed to adequately allege job duties; however, Eng likewise fails to specify job duties, and the number of comparators does not affect the analysis.

[2] Eng seeks judicial notice of the form complaint for employment discrimination on the SDNY web site. This form in no way aids Eng's argument; it requires a pro se plaintiff, which Eng is not, to enter a narrative with factual allegations of discrimination.

State Law.   Eng argues that: [1] her NYSHRL claims are not subject to the federal plausibility standard, [2] she plausibly pled gender and age discrimination, and [3] the district court did not conduct an independent analysis of her state law claims.

[1] To make out a claim under the NYSHRL, a plaintiff must show that she was: (1) "a member of a protected class;" (2) "qualified for her position;" (3) "subjected to an adverse employment action;" and (4) "either terminated or treated differently under circumstances giving rise to an inference of discrimination."   Askin v. Dep't of Educ. Of City of N.Y., 973 N.Y.S.2d 629, 630 (2013).

Eng's NYSHRL claims, brought in federal court, are subject to the federal pleading standard, and not the relaxed pleading standards of New York state courts.   "[F]ederal courts are to apply state substantive law and federal procedural law."   Hanna v. Plumer, 380 U.S. 460, 465 (1965); see also Cooper v. N.Y. State Dep't of Labor, 819 F.3d 678, 680 (2d Cir. 2016) (applying federal pleading standards to retaliation claims under the NYSHRL).

[2] Plaintiff's threadbare allegations do not give rise to a plausible inference of discrimination on the basis of age or gender.   Eng's only allegations are that she is a 58-year old woman who is paid less than a 57-year old man, a 54-year old man, and a 41-year old woman.   That alone cannot plausibly support an inference that discriminatory animus is the reason for the disparities in pay she alleges; we "cannot infer discrimination from thin air."   Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998).

[3] The district court clearly conducted an independent analysis of her NYSHRL claims: the claims are discussed separately from Plaintiff's federal claims under a separate heading.

City Law.   "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's

provisions broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013) (internal citations and quotation marks omitted). "Thus, even if the challenged conduct is not actionable under federal and state law, federal courts must consider separately whether it is actionable under the broader New York City standards." Id.

Plaintiff's only argument is that the district court failed to conduct a meaningful analysis of the NYCHRL claim.[3] Plaintiff is mistaken. The district court undertook an independent analysis of the NYCHRL allegations, noting the separate legal standard for a NYCHRL claim, and then concluded that the amended complaint did not remedy the problems besetting the NYSHRL and NYCHRL claims in the original complaint. Merely listing the alleged pay difference with two men of a similar age as Plaintiff and with a younger woman does not plausibly demonstrate that plaintiff "has been treated less well than other employees because of her gender" or age. Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 39 (2009).

**2.** Eng next argues that if her allegations were deficient, she should have been granted leave to amend her complaint for a second time. "We review the denial of leave to amend a complaint for abuse of discretion, unless the denial was based on an interpretation of law, in which case the legal conclusion is reviewed de novo." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (internal citation omitted). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012). "In assessing whether the proposed complaint states a claim, we consider the proposed amendments . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." Id. (internal citations and quotation marks omitted).

---

[3] For the same reasons as her NYSHRL claim, Plaintiff's NYCHRL claim is also subject to the heightened federal pleading standard.

6

The district court properly determined that allowing any further amendments would be futile.   It would be no help to assign complaint paragraph numbers to the duties listed in the two exhibits, as Plaintiff has offered to do. Even if the exhibits, which the district court already took into account in its analysis, were incorporated directly into the body of the Complaint, Eng alleges no new facts that would cure the pleading deficiencies.   Therefore, the district court did not abuse its discretion in denying Eng leave to amend for a second time.

**3.**   Eng also argues that even assuming the allegations are insufficient to make out prima facie claims under the EPA, NYSHRL, and NYCHRL, and that amendment would be futile, the district court should have declined to exercise supplemental jurisdiction over the NYSHRL and NYCHRL claims. A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367(a), which states, in pertinent part, that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   Id.   "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact."   Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (internal citation and quotation marks omitted).   Because Eng's EPA, NYSHRL, and NYCHRL claims all arise out of the same common nucleus of operative facts, the district court did not abuse its discretion in exercising supplemental jurisdiction over the NYSHRL and NYCHRL claims.   See Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002) (exercise of supplemental jurisdiction was proper where plaintiff's state and federal claims arose "out of approximately the same set of events").

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7