24-1956-cv
Veras v. N.Y.C. Dep't of Educ.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

------------------------------------------------------------------

YHANKA VERAS,

*Plaintiff-Appellant*,

v.                                                                    No. 24-1956-cv

NEW YORK CITY DEPARTMENT OF EDUCATION, JAVIER TREJO, MANUEL VIDAL RAMIREZ, YVETTE ABBOTT, SALVADOR FORTUNATO,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:     KISSINGER N. SIBANDA, Law
Office of Kissinger N. Sibanda,
PLLC, Livingston, NJ

FOR DEFENDANTS-APPELLEES:     MARTIN K. ROWE III, of counsel
(Devin Slack, Melanie T. West,
of counsel, *on the brief*), *for*
Muriel Goode-Trufant,
Corporation Counsel of the
City of New York, New York,
NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Yhanka Veras appeals from a July 18, 2024 judgment of the United States District Court for the Southern District of New York (Rochon, *J.*) dismissing the discrimination and other related claims in her Second Amended Complaint ("SAC") against the New York City Department of Education ("DOE") and four individual DOE employees (collectively, the "Defendants"). We assume the parties' familiarity with the underlying facts and the record of

2

prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The SAC alleges that Veras, a longtime DOE employee, suffers from "arthritis, epilepsy, [hearing difficulties], Brain tumors, leg brace, asthma, Type 2 diabetes, HTN, Bipolar, and MS." App'x 98. It further alleges that Veras was denied positions she applied for at the DOE's George Washington Educational Campus ("GW") and was later transferred to Park East High School ("PEH") because of her disability, Yoruba religion, and sex, and in retaliation for complaining about discrimination. In addition, Veras claims that the DOE failed to accommodate her disability when it transferred her to PEH.

Veras asserts five causes of action: (1) discrimination based on religion and sex and retaliation in violation of Title VII of the Civil Rights Act of 1964; (2) disability discrimination in violation of the Americans with Disabilities Act of 1990 (ADA) and the Rehabilitation Act of 1973 ("Rehabilitation Act"); (3) discrimination based on religion, sex, and disability in violation of the New York State Human Rights Law (NYSHRL) and the New York City Human Rights Law

3

(NYCHRL); (4) sexual harassment resulting in a hostile work environment; and (5) negligent infliction of emotional distress.

We review the District Court's dismissal of the SAC *de novo*, "accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff." *Palmer v. Amazon.com, Inc.*, 51 F.4th 491, 503 (2d Cir. 2022). But we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Threadbare recitals" of a claim's elements, "supported by mere conclusory statements, do not suffice." *Id.* Upon review of the record and arguments made on appeal, we affirm the District Court's dismissal of Veras's claims for substantially the reasons set forth in the District Court's July 17, 2024 opinion and order.

The SAC fails to allege any non-conclusory facts that could "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (Title VII); *see also Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (ADA and Rehabilitation Act). It does not allege any specific comments, incidents, or other circumstances suggesting that sex, disability, or religion played a role in the DOE's failure to promote her

4

or its decision to reassign her to PEH.[1]  *See Littlejohn*, 795 F.3d at 312.  Veras

likewise fails to "demonstrate circumstances giving rise to an inference of

discrimination by alleging that [s]he was treated less favorably than similarly

situated employees."  *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014).

We arrive at the same conclusion with respect to Veras's claims under the

NYSHRL and the NYCHRL.  *See id.* at 226 (NYSHRL); *Mihalik v. Credit Agricole*

*Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (NYCHRL).  As for

Veras's retaliation claim, the SAC fails to identify any actions she took to oppose

the DOE's allegedly discriminatory practice, as required to state a claim under

Title VII's anti-retaliation provision, the NYSHRL, and the NYCHRL.  *See*

*Littlejohn*, 795 F.3d at 315–16 (Title VII); *Cooper v. N.Y. State Dep't of Lab.*, 819 F.3d

678, 680 n.3 (2d Cir. 2016) (NYSHRL); *Mihalik*, 715 F.3d at 112 (NYCHRL).

Veras's failure-to-accommodate claims under the ADA and the

Rehabilitation Act also fail because the SAC does not allege that Defendants even

had notice of her disabilities, much less that they refused to provide her with

---

[1] Veras alleges one incident in which an unnamed co-worker told her to "change her perfume because it was associated with witchcraft," apparently a reference to her Yoruba religion.  App'x 97.  But she fails to allege any facts that could support an inference that this remark was connected in any way to the adverse employment decisions or hostile work environment of which she complains.

5

accommodations. *McMillan v. City of New York*, 711 F.3d 120, 125–26 (2d Cir. 2013). The SAC likewise fails to state a claim for sexual harassment because, while isolated incidents can give rise to a hostile work environment, *see Littlejohn*, 795 F.3d at 320–21, Veras's specific allegations do not plausibly suggest that such incidents were "sufficiently continuous and concerted in order to be deemed pervasive," *id.* at 321 (quotation marks omitted), or that they rendered "the workplace [so] permeated with discriminatory intimidation, ridicule, and insult . . . to [thereby] alter the conditions of [her] employment," *id.* at 320 (quotation marks omitted). Finally, Veras's claim for negligent infliction of emotional distress fails because the SAC failed to plausibly allege circumstances providing "some guarantee of genuineness" of the harm as required by New York law.

*Ornstein v. N.Y.C. Health & Hosps. Corp.*, 10 N.Y.3d 1, 4 (2008) (quotation marks

omitted).

## CONCLUSION

We have considered Veras's remaining arguments and conclude that they

are without merit.   For the foregoing reasons, the judgment of the District Court

is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court